1   LAW OFFICES OF DALE K. GALIPO
    Dale K. Galipo, SBN 144074
2   21800 Burbank Blvd., Suite 310
    Woodland Hills, California 91367
3   dalekgalipo@yahoo.com
4   (818) 347-3333- Telephone
    (818) 347-4118- Facsimile
5
6   Attorneys for Plaintiff NOREEN SALINAS

7

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10

11

12  NOREEN SALINAS                      CASE NO. C08 02625 RS
13                      Plaintiff,
14        vs.                          COMPLAINT FOR DAMAGES:
15  CITY OF SAN JOSE, CHIEF ROBERT      1.  Violations of 42 U.S.C. § 1983
    DAVIS, TASER INTERNATIONAL, INC.   2.  Municipal Liability for Constitutional
16  and DOES 1 to 10, inclusive            Violations (42 U.S.C. § 1983)
                                        3.  Supervisory Liability for Constitutional
17                                          Violations (42 U.S.C. § 1983)
                        Defendants.    4.  Wrongful Death (C.C.P. § 377.60)
18                                      5.  Survival Action  (C.C.P. § 377.30)
                                        6.  Negligent Hiring, Supervision and
19                                          Retention
                                        7.  Battery
20                                      8.  Negligence
                                        9.  Conspiracy
21                                      10. Products liability
22
                                       **DEMAND FOR JURY TRIAL**
23

24

25

26       Plaintiff NOREEN SALINAS alleges as follows:
27  ///
28

**VENUE AND JURISDICTION**

1.    Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

2.    This Court has jurisdiction over plaintiff's federal claims under 42 U.S.C. δ 1983 pursuant to 28 U.S.C. δδ 1331 and 1343. Plaintiff further invokes pendent jurisdiction of this Court to consider the claims arising under state law.

**PARTIES**

3.    Plaintiff NOREEN SALINAS is the daughter of the decedent. Plaintiff brings this action individually and as heir and successor in interest to decedent's estate. The plaintiff is claiming violations of her constitutional rights and the decedent's constitutional rights. The plaintiff is also suing for the intentional interference with her familial relationship with her father. The plaintiff is seeking both wrongful death damages and survival damages.

4.    At all times mentioned herein, decedent STEVE SALINAS (or "decedent") was a resident of the City of San Jose, County of San Jose, State of California.

5.    At all times mentioned herein, plaintiff NOREEN SALINAS resided in the County of San Jose, State of California.

6.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, and each of them, were and now are residents of the County of San Jose, State of California.

7.    At all times herein mentioned, defendant, CITY OF SAN JOSE (hereinafter "CITY") is and was at all relevant times mentioned herein, a municipality duly organized and

2

existing under the laws of the State of California. The San Jose Police Department

(hereinafter "S.J.P.D.") is an official subdivision of defendant CITY, and all officers

employed by said department are employees of defendant CITY.

8.     Defendant CITY was at all times mentioned herein, engaged in owning,

operating, maintaining, managing and doing business as a Police Department in the City of

San Jose, State of California. All of the acts complained of herein by plaintiff against

defendants were done and performed by said defendants by and through its authorized agents,

servants and/or employees, and each of them, all of whom at all relevant times herein were

acting within the course, purpose and scope of said agency, service and/or employment

capacity and under color of law. Moreover, defendants and its agents ratified all of the acts

complained of herein.

9.     The true names and capacities, whether individual, corporate, association or

otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiff who

otherwise sues these defendants by such fictitious names. Each defendant is sued individually

and/or in his/her official capacity as defined in the present complaint. Plaintiff will seek leave

to amend this complaint to show the true names and capacities of these defendants when they

have been ascertained. Each of the fictitiously named defendants is responsible in some

manner for the conduct or liabilities alleged herein.

10.     All defendants who are natural persons, and each of them, including DOES 1

through 10, are sued individually and in their official capacity as officers, sergeants, captains,

commanders, supervisors and/or civilian employees, agents, policy makers, and

representatives for the S.J.P.D., a department and subdivision of defendant CITY.

     11.    Defendant CHIEF ROBERT DAVIS (hereinafter "DAVIS") was at all relevant times herein the Chief of the S.J.P.D., and he, along with other officials of CITY and DOES 1-4, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the S.J.P.D. and/or were supervisors of the defendant-officers.

     12.    Defendants DOES 5-10, are officers, sergeants, lieutenants, who were at the time of committing the acts alleged hereinafter, duly authorized employees of defendant CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of defendant CITY. At all relevant times herein, said defendants, and each of them, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of California.

     13.    At all times herein mentioned, all defendants, named and unnamed, were and are duly appointed officers, agents, and/or employees of defendant CITY.

     14.    At all times herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and every defendant named and unnamed in this complaint.

15.     In doing the acts and in failing or omitting to act as hereafter described,

defendants were acting with the implied and actual permission and consent of defendant

CITY. The involved officers were acting under the color of law and under the course and

scope of their employment with the City of San Jose.

16.     STEVE SALINAS died as a direct and proximate result of the actions of

defendants CITY, DAVIS, and DOES 1 to 10.

17.     The plaintiff Noreen Salinas filed a claim with the City of San Jose and more

than forty-five days has passed since the presentation of the claim. No action has been taken

on the claim to date, and the plaintiff is deeming her claim denied by operation of law.

## FACTUAL ALLEGATIONS

18. On May 25, 2007, decedent STEVE SALINAS was lawfully inside a hotel room

located at 1488 North First Street in the City of San Jose, California when officer-defendants

DOES 5 to 10, entered his hotel room without probable cause and without exigent

circumstances. The involved officers had no arrest warrant for the decedent and lacked

probable cause to arrest or detain the decedent.

19. After the unlawful entry, decedent was unlawfully seized by said officer-

defendants. Thereafter, without provocation or legal justification, the officer-defendants

subjected decedent to excessive force, including but not limited to, unnecessary blows, kicks,

bending of his legs, arching of his body, the application of full body weight by the officer-

defendants on his back, legs, ankles and body and repeatedly tasering the decedent without

justification, all demonstrating a deliberate indifference to the health and well being of the decedent.

20. The excessive and unlawful use of force against the decedent resulted in severe injuries and death, including but not limited to, taser darts in the back and left buttock, abrasions and contusions to the head, neck, thorax, abdomen, upper extremities, and lower extremities, and several sharp force injures.

21. Decedent was tasered and had excessive force used against him when he was without clothing and when he was not resisting the officers. The decedent did not strike or attempt to strike the officers at any time. The repeated tasering and other force used against the decedent was unreasonable and excessive under the circumstances, demonstrating a deliberate indifference which shocks the conscience and caused the death of the decedent.

22. Decedent sustained serious injuries and subsequent death consistent with the application of the excessive force and the taser applications. Additionally, the involved officers did not timely summon medical aid for the decedent

23. As a result of the foregoing, decedent suffered intense physical and emotional pain, anguish, distress and despair before his death and was deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The excessive force used against the decedent was also a cause of death. The plaintiff was also deprived of her right to a continued familial relationship with the decedent.

/ / /

/ / /

# FIRST CAUSE OF ACTION

## VIOLATIONS OF 42 U.S.C §1983

(Against Defendant Officers DOES 5-10)

24.  Plaintiff hereby incorporates by reference paragraphs 1 through 23 herein, as if set forth in full.

25.   This complaint sets forth claims for deprivation of civil rights for violation of the Fourth and Fourteenth Amendments to the United States Constitution against defendants DOES 5-10 pursuant to 42 U.S.C. §1983.  These claims are brought by plaintiff NOREEN SALINAS in her representative capacity as heir and successor in interest of decedent STEVE SALINAS and in her individual capacity as the daughter of the decedent.  The plaintiff is claiming violation of her constitutional rights and violations of the decedent's constitutional rights.

26.  The § 1983 successor in interest claims against defendants DOES 5-10, inclusive, is based upon plaintiff's allegations that defendants' acts and omissions on May 25, 2007, as alleged herein were excessive, unreasonable and deliberately indifferent to the life and liberty of STEVE SALINAS and were a direct and legal cause of his death when the said defendants used excessive force, including deadly force, against the decedent STEVE SALINAS in violation of decedent's Fourth Amendment rights.  The excessive force included, but was not limited to, the excessive and repeated use of the taser on the decedent.

27.   Plaintiff further asserts individual claims against defendants DOES 5-10 pursuant to 42 U.S.C. § 1983 on the grounds that the unreasonable, reckless, intentional and deliberate

7

acts and omissions of all defendants as set forth herein were a direct and legal cause of the deprivation of plaintiff's constitutionally protected right under the Fourteenth Amendment to the companionship and society of decedent STEVE SALINAS. Plaintiff has a cognizable interest under the due process clause of the Fourteenth Amendment to be free from unwarranted state interference in her familial relationship with STEVE SALINAS.

28. Plaintiff is informed and believe and thereon alleges that the aforementioned acts of defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of the decedent and the plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individually named defendants in an amount to be determined at time of trial.

29. As a direct and legal result of the acts and omissions of defendants, plaintiff has suffered damages, including, without limitation, loss of the love, affection, comfort, society and companionship of her father STEVE SALINAS, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained and in an amount to be proven at time of trial. Plaintiff is seeking both survival damages and wrongful death damages under this cause of action.

## SECOND CAUSE OF ACTION

## MUNICIPALITY LIABILITY FOR CONSTITUTIONAL VIOLATIONS

### (42 U.S.C. §1983)

(Against Defendant CITY and CHIEF ROBERT DAVIS)

30. Plaintiffs incorporates by reference paragraphs 1 through 29 herein, as if set forth in full.

31. Plaintiff is a surviving heir and successor in interest of the decedent. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

32. On May 25, 2007, defendants DOES 5-10, and each of them, violated decedent's constitutional rights by using excessive force against him when said defendants unlawfully, unreasonably caused grievous harm and death to STEVE SALINAS and otherwise facilitated, instigated and encouraged the violent acts resulting in his death as set forth in detail in plaintiff's factual allegations.

33. At all times relevant herein defendant-officers, sergeants, lieutenants, and commanders, including DOE defendants, were agents and employees of defendant CITY and in carrying out the acts alleged herein were acting under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the CITY and the S.J.P.D., pursuant to a set pattern, practice, and official policy of defendant CITY.

34. At the time of the violence inflicted on decedent by said defendant-officers, defendant CITY had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained, specifically Latinos, African-Americans and members of other minority groups. Said policies, procedures, customs and practices also called for defendant CITY not to discipline, prosecute or in any way take corrective or responsive action to known incidents

and/or complaints of unjustified shootings and violent acts by said officers or the related claims and lawsuits resulting from such violence.

35. Said policies, procedures, customs and practices called for the refusal of defendant CITY to investigate or document complaints of previous incidents of unjustified use of force and violence and, instead, officially claim that such incidents were justified and proper.

36. Defendant CITY'S policies, procedures, customs and practices of inaction and cover-up encouraged officers of S.J.P.D., including the defendants named herein, to believe that unjustified violence and excessive use of force against individuals targeted for detention was permissible, in particular against individuals of minority groups.

37. Said policies, procedures, customs and practices of defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of decedent. This indifference was manifested by the failure to change, correct, revoke, or rescind these policies, procedures, customs and practices in light of prior knowledge by defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable force, including the use of restraint techniques that posed an unreasonable risk of death.

38. Deliberate indifference to the civil rights of minority groups and other victims of excessive force is also evidenced by defendant CITY ignoring the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals for conduct similar to the conduct alleged herein.

39. Deliberate indifference is also evidenced by defendant CITY having maintained an inadequate system of "use of force reports" which have failed and continue to fail to identify

instances of excessive force and the unlawful use of dangerous restraint techniques by

S.J.P.D., including defendants, upon individuals who are detained and targeted for detention as

well as defendant's failure to more closely supervise or retrain officers who improperly use

excessive force and/or deadly force that pose an unreasonable risk of death.

40. Other systemic deficiencies which have indicated and continue to indicate a

deliberate indifference by defendant CITY to the violations of the civil rights of individuals

such as decedent include the following:

        a.   preparation of investigative reports designed to vindicate the use of force,

            regardless of whether such force was justified;

        b.   preparation of investigative reports which rely solely on the word of involved

            officers and  systematically fail to credit testimony of non-officer witnesses;

        c.   preparation of investigative reports which omit factual information and

            physical evidence that contradicts the accounts of the officers involved in the

            unjustified use of force;

        d.   issuance of public statements exonerating officers involved in such incidents

            prior to the completion of investigation of the use of force;

        e.   failure to review investigative reports by supervisory officers for accuracy or

            completeness and acceptance of conclusions that are unwarranted by the

            physical evidence;

f.  acquiescence and/or a tacit agreement to a "code of silence" that permeates

all levels of the chain of command within the S.J.P.D. and serves to insulate

and protect officers who engage in excessive force, including deadly force.

41.  Defendant CITY also maintained a system of grossly inadequate training pertaining

to the use of force in detaining individuals and failing to train in the proper use of force,

including deadly force, and training with respect to the use of taser, in that said training fails to

meet standard police training principles and criteria which mandate the use of established

customs, procedures, and guidelines to prevent the pattern of abuse complained of in previous

lawsuits, claims and citizen complaints against said defendants.

42.  The foregoing acts, omissions, and systemic deficiencies are policies and customs

of defendant CITY have caused defendant's officers to believe that the use of excessive force

is permissible, and that use of force is a matter entirely within the discretion of the officers.

Moreover, that improper use of deadly force would not be honestly and properly investigated,

all with the foreseeable result that defendant officers would use force, including deadly force,

in situations where such force is neither necessary, reasonable, nor legal.

43.  As the result of the aforementioned acts, omissions, systematic deficiencies,

policies, procedures, customs and practices of defendant CITY, defendants and DOES 5

through 10 either inflicted severe injuries to decedent resulting in his death or otherwise

caused and/or facilitated the acts of violence against him that caused his death.

44.  As a direct and proximate result of the aforementioned policies, procedures,

customs, and practices of defendant CITY, plaintiff's deceased father suffered intense physical

1   and emotional pain, anguish, distress and despair before his death and was deprived of his

2   rights under the Fourth and Fourteenth Amendments to the United States Constitution.

3

4       45.  As a direct and proximate result of the aforementioned policies, procedures,

5   customs, and practices of defendant CITY, plaintiff's deceased father suffered injuries and

6   death as a result of the unjustified use of force by defendant-officers as outlined in the Factual

7   Allegations.

8

9       46.  By reason of the aforementioned acts and omissions of defendant CITY, plaintiff

10  was required to retain counsel to institute and prosecute the within action, and plaintiff

11  requests payment by defendants of a reasonable sum for attorneys fees pursuant to 42 U.S.C.

12  §1988.

13

14  ### THIRD CAUSE OF ACTION

15  ### SUPERVISORIAL LIABILITY FOR CONSTITUIONAL VIOLATIONS

16

17  ### ARISING FROM THE USE OF EXCESSIVE FORCE (42 U.S.C. §1983)
    (Against Defendant CITY, CHIEF ROBERT DAVIS and DOES 1 to 4)

18

19      47.  Plaintiff incorporates by reference paragraphs 1 through 46 herein, as if set forth in

20  full.

21

22      48.  This cause of action is brought pursuant to 42 U.S.C. §1983 for violation of

23  decedent's rights and plaintiff's rights under the Fourth and Fourteenth Amendments to the

24  U.S. Constitution.

25      49.  Defendants CITY, DAVIS, as well as DOES 1-4, inclusive, failed to adequately

26  train, supervise, discipline or in any other way control all of the individually named defendant-

27

28

officers and DOES 5-10, inclusive, in the exercise of their duties as officers, sergeants, commanders, and/or supervisors.

50. Defendants CITY, DAVIS, as well as DOES 1-4, knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as STEVE SALINAS and that such policy, practice, custom and/or actions were a direct and legal cause of his death. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including the proper application of restraint techniques and choke holds, the use of tasers and the proper procedures to be followed in detaining individuals.

51. Moreover, defendants CITY, DAVIS and DOES 1-4, inclusive, learned and became aware of the excessive force used against decedent STEVE SALINAS and tolerated, encouraged and condoned this misconduct by consciously ignoring, turning a blind eye and overlooking the misconduct.

52. By consciously and deliberately overlooking the acts of misconduct by their subordinate officers, including defendants DOES 1-4, inclusive, established a custom and practice of condoning and ratifying such misconduct, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by defendants CITY, DAVIS, and DOES 1-4, inclusive, was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of persons such as decedent STEVE SALINAS.

14

COMPLAINT FOR DAMAGES

53. Defendants CITY, DAVIS and DOES 1-4, through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate officers, including defendants and DOES 1-4, were deliberately indifferent to the constitutional violations being committed by their subordinates, including said subordinate defendants.

54. Based on the custom and practice of condoning, tolerating, and ratifying constitutional violations and a failure to adequately train and discipline subordinate S.J.P.D. officers who committed constitutional violations, such as defendants DOES 1-4, inclusive, are liable for constitutional violations committed by the said defendants for the damages suffered by plaintiff as set forth herein.

55. The aforementioned acts of the individual defendants DAVIS and DOES 1-4, inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants. Plaintiff is seeking both survival damages and wrongful death damages under this cause of action.

## **FOURTH CAUSE OF ACTION**

### **WRONGFUL DEATH (CALIFORNIA CIVIL PROCEDURE §377.60)**
(Against All Defendants)

56. Plaintiff incorporates by reference paragraphs 1 through 55 herein, as if set forth in full.

57. As the surviving heir and successors in interest of STEVE SALINAS, plaintiff asserts a wrongful death action against all defendants pursuant to §377.60 et. seq. of the California Code of Civil Procedure. Said claim is based upon the negligent, reckless and

15

wrongful acts and omissions of defendants, as alleged herein, were a direct and legal cause of death of STEVE SALINAS and the resulting damage and death to plaintiff. The wrongful death claims are based on violations of constitutional rights, battery, negligence, and products liability.

58. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individually named defendants in an amount to be determined at time of trial. The wrongful death claims are based on the Federal Civil Rights violations as well as the violations of state law battery, negligence, false arrest, and product liability.

### FIFTH CAUSE OF ACTION

### SURVIVAL ACTION

**(California Code of Civil Procedure Section 377.30)**
(Against All Defendants)

59. Plaintiff hereby incorporates by this reference paragraph 1 through 58 of this complaint as though fully set forth herein.

60. This cause of action is brought pursuant to California <u>Code of Civil Procedure</u> §377.34.

61. As a proximate result of the wrongful conduct of defendants as alleged, decedent suffered intense physical and emotional pain, anguish, distress, despair and suffering all during the time of the violent acts by defendants all until the moment of his death at the hands of said

16

defendants as well as property and pecuniary loss.   The plaintiff is requesting survival damages for violations of both Federal and State law.  The survival claims are based on the claims of constitutional violations, battery, negligence, and products liability.

## SIXTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION

(Against Chief Davis and DOES 1-4)

62.  Plaintiff hereby incorporates by reference paragraphs 1 through 61 of this complaint as though fully set forth herein.

63.  Plaintiff is informed and believes and thereon alleges that when STEVE SALINAS was contacted by the S.J.P.D., defendants herein, and each of them, assumed a duty of care towards Mr. SALINAS in which they were required to use reasonable force in detaining him and/or taking him into custody.

64.  This cause of action asserts a claim for negligence against all defendants based on plaintiff's allegations that all defendants owed a duty of care to the decedent, that defendants breached that duty of care by killing STEVE SALINAS even though Mr. SALINAS was neither a threat to their safety nor to the safety of others.

65.  Plaintiff is informed and believes and thereon alleges that defendant CITY, DAVIS, and DOES 1 to 4, inclusive, and other supervisors negligently hired, retained, supervised, trained, assigned and failed to discipline the employees involved in this incident. Plaintiff alleges that defendants' negligence was a direct and legal cause of the death of STEVE SALINAS.

66. Plaintiff is further informed and believes and thereon alleges that defendant CITY, DAVIS and DOES 1 to 4, inclusive, and other supervisors knew, or in the exercise of reasonable care should have known that the improper use of force, including the unlawful use of a taser, posed a dangerous and unreasonable risk of death. Yet, defendants, and each of them, negligently failed to instruct and train defendants DOES 5 to 10 in the proper use of force.

67. As a direct and legal result of the acts and omissions of defendants, plaintiff has suffered damages, including, without limitation, loss of the love, affection, comfort, society and companionship of her father STEVE SALINAS, emotional distress, pain and suffering, medical expenses, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained and in an amount to be proven at time of trial. Plaintiff is seeking wrongful death damages and survival damages under this cause of action.

## SEVENTH CAUSE OF ACTION

### BATTERY

(Against Defendants CITY, and DOES 5 to 10, inclusive)

68. Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 67 as though fully set forth herein.

69. Plaintiffs assert claims of battery against these defendants based upon the unlawful touching of decedent which was the direct and legal cause of his injuries and death and the resulting damages and loss to plaintiff. At all times during the unlawful touching of decedent, defendants were acting within the course and scope of their employment with

18

defendant CITY.  Defendant CITY is thus vicariously liable for the acts of the individually named defendants who committed the battery upon decedent pursuant to <u>Government Code</u> Sections 815.2 (a) and 820 (a).  The unconsented contact by the involved officers against the decedent amounted to unreasonable force and included, but was not limited to, punches, kicks, control holds, improper restraints and the improper and excessive use of the taser on the decedent.

70. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of these individual defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of decedent and plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

71.   The battery included the restraints and the repeated applications of the taser.

72.   As a direct and legal cause of the acts and omissions of these defendants, and each of them, decedent and plaintiff has suffered damages, including without limitation, loss of earnings,  loss of enjoyment of life, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.  Plaintiff is seeking wrongful death damages and survival damages under the battery cause of action.

/ / /

/ / /

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EIGHTH CAUSE OF ACTION**

### **NEGLIGENCE**

(Against all Defendants)

73. Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 72 as though fully set forth herein.

74. At all times alleged defendant, and each of them acted negligently and recklessly concerning the matter in which STEVE SALINAS was treated by the defendants. The negligent actions and inactions of the defendants included but are not limited to:

(a) the failure to property and adequately assess the need to use force or deadly force, including the use of taser;

(b) the failure to monitor and record any use of force by the City of San Jose Police Officers, including DOES 5-10.

(c) the failure to monitor and record any injuries specifically caused by the use of force by the City of San Jose Police Officers, including DOES 5-10 .

(d) the negligent tactics and handling of the situation with the decedent STEVE SALINAS, including the inappropriate use of the taser.

(e) the negligent use of force including deadly force against the decedent STEVE SALINAS, including the negligent use of the taser on the decedent.

(f) the failure to properly train and supervise employees, both professional and non-professional, including DOES 5-10.

///

20

COMPLAINT FOR DAMAGES

(g) the failure to provide prompt medical care to the decedent after he lost

consciousness.

75.  As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct STEVE SALINAS was caused to suffer severe pain and suffering from personal injuries received during a brutal unwarranted attack by the defendants and untimely died as a result of the unnecessary use of force, including the excessive use of the taser.  Plaintiff is claiming both wrongful death damages and survival damages under the negligence cause of action.

## NINTH CAUSE OF ACTION

### CONSPIRACY

(Against Defendants DOES 1 to 10, inclusive)

76.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 75 as though fully set forth herein.

77.  This action arises under the Civil Rights Act of 1871 (42 USC Section 1983, and 1985) as later more fully appears, and the Fourth and Fourteenth Amendments to the United States Constitution.  This court has jurisdiction under 28 USC Section 1331 and 1343.

78. Plaintiff is informed, believes and alleges that in doing the things alleged, defendants, and each of them, acted under color of statute, regulations, customs and usages of the CITY and pursuant to the official policy of defendants, Chief Robert Davis, and DOES 1-4, and that the defendants, and each of them, assisted, cooperated, coordinated and acted in concert with each of the other defendants.

79. During the course of this incident, Defendant DOES 1 thru 10 and each of them, conspired to and in fact did deprive DECEDENT of life and liberty as would shock the conscience in violation of Decedent's rights to same and guaranteed by the Fourth (4th), and Fourteenth (14th) Amendments to the United States Constitution. Defendants ad each of them also deprived Decedent of the right not to be deprived of life and liberty without due process of law as guaranteed by the Fourth, and Fourteenth Amendments of the United States Constitution. All of rights of decedent, as set forth, were violated by defendants and each of them by the use of brutal, excessive, unreasonable and unnecessary physical force upon the person of Decedent, as more specifically set forth.

80. The plaintiff further alleges that the conduct of the defendants which forms the basis of this lawsuit is part of a larger policy, patter and practice of the City of San Jose to, under the color of law, deprive a certain segment of the populace, namely Latino males, of their inalienable rights by committing, condoning, ratifying, approving, and otherwise tacitly approving the violation of civil rights to this segment of the populace.

81. The plaintiff further contends the defendants failed to prevent this unlawful conduct due to inadequate training, supervision, and lack of disciplinary procedures to prevent the acts of racial profiling, acts of excessive force, violence upon persons assaults and batteries, intimidation illegal searches and seizures, falsification of evidence, breach of duty imposed by government Code Section 118.1, perjury, malicious prosecution, negligent retention of officers who engage in the aforementioned conduct and by maintaining and perpetrating a "code of

silence" by officers, supervisors or policy makers from disclosing, preventing and otherwise actively covering up said unlawful conduct.

82. As a proximate result of the conduct of defendants, and each of them, as set forth, the Decedent suffered mental, physical, and emotional pain and suffering resulting in his death and was deprived of his constitutional rights of life, liberty and due process, as to decedent's damages.

83. The conduct of defendants, DOES 5-10 was willful, wanton, malicious and one with an evil motive and intent and a reckless disregard for the rights and safety of the Decedent and therefore warrants the imposition of exemplary and punitive damages.

## TENTH CAUSE OF ACTION

### PRODUCT LIABILITY

(Against TASER INTERNATIONAL, INC. only)

84.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 83 as though fully set forth herein.

85.    Defendants TASER INTERNATIONAL, INC., placed the taser on the market in the ordinary course of business.

86.    Defendants TASER INTERNATIONAL, INC., knew that the taser was to be used without inspection for defects.

87.    Defendant TASER INTERNATIONAL, INC., knew that the taser was defective particularly in that it was unsafe for persons with epilepsy and other physical conditions, and failed to adequately warn of such danger.

COMPLAINT FOR DAMAGES

88.   The taser used on STEVE SALINAS was defective as alleged herein.

89.   As a direct and proximate result of said defect, STEVE SALINAS died and plaintiff has been injured and damaged as alleged herein.

90.   Defendant TASER INTERNATIONAL, INC., knew that the taser was capable of causing serious injury and death, but failed to warn with respect to this risk.

91.   Defendant TASER INTERNATIONAL, INC., knew that that he taser repeated applications of could cause serious injury or death, but failed to warn with respect to the risk of the taser causing serious injury or death.

92.   Defendant TASER INTERNATIONAL, INC., failed to warn of this danger and specifically marked their taser by explicitly and implicitly warranting that the application of their taser could not cause serious injury or death, when in fact they knew or should have known that application of the taser could cause serious injury and the death of an individual.

/ / /

/ / /

COMPLAINT FOR DAMAGES

**WHEREFORE,** Plaintiff prays for judgment against defendants, and each of them, jointly and severally as follows:

1.  For general damages of $20 million dollars, including wrongful death damages;

2.  For special damages according to proof;

3.  For decedent's pain and suffering according to proof;

4.  Exemplary damages, but only against each of the individual defendant, according to proof;

5.  Reasonable attorney's fees and cost of suit pursuant to 42 U.S.C. §1988;

6.  Pre-judgment interest;

7.  For costs incurred herein, and for further relief as the Court may deem just and proper.

DATED: May 22, 2008

LAW OFFICES OF DALE K. GALIPO

By: _____

DALE K. GALIPO

Attorneys for Plaintiff NOREEN SALINAS

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all of the causes of action above.

DATED:  May 22, 2008

LAW OFFICES OF DALE K. GALIPO

By: _____
DALE K. GALIPO
Attorneys for Plaintiff NOREEN SALINAS

COMPLAINT FOR DAMAGES

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Noreen Salinas | City of San Jose, Chief Robert Davis, Taser International, Inc., and DOES 1 to 10, inclusive |

ADR

E-FILING

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Ste. 310
Woodland, California 91367
(818) 347-3333

Attorneys (If Known)

C08 02625 RS

BY FAX

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | 530 General | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 220 Foreclosure | 443 Housing/ Accommodations | 535 Death Penalty | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 444 Welfare | 540 Mandamus & Other | 791 Empl. Ret. Inc Security Act | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 445 Amer. w/Disabilities - Employment | 550 Civil Rights | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 446 Amer. w/Disabilities - Other | 555 Prison Condition | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | X 440 Other Civil Rights | | | | 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C Secton 1938; Civil Rights Violations(Wrongful Death, Suvival Action, Negligent Hiring, Supervision and Retention, Battery, Conspiracy)and Products Liability

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ To be established/Trial
X CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes   No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____    DOCKET NUMBER _____

DATE
May 2?, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

NDC-JS44