Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com

Attorneys for Defendant,
TASER INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOREEN SALINAS,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SAN JOSE, CHIEF ROBERT DAVIS, TASER INTERNATIONAL, INC. and DOES 1 to 10 inclusive,<br><br>　　　　　　　Defendants. | Case No.: C 08-02625 RS<br><br>[Richard Seeborg, United States Magistrate Judge]<br><br>**ANSWER OF DEFENDANT TASER INTERNATIONAL, INC. TO COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW, Defendant TASER International, Inc. ("TASER" or "Defendant"), for itself and for no other party, admits, denies and alleges as follows:

1.　　Answering paragraphs 1 and 2, these are jurisdictional and venue allegations, and Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein.

2.　　Answering paragraphs 3, 4, and 5, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein.

3.　　Answering paragraph 6, Defendant denies generally and specifically each

and every allegation contained therein.

4. Answering paragraph 7, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraph, and on those grounds denies generally and specifically each and every allegation contained therein.

5. Answering paragraph 8, Defendant denies that it or its agents ratified all of the acts complained of in the Complaint. As to the remainder of the allegations therein, Defendant does not have sufficient information or belief to enable Defendant to answer such allegations, and on those grounds denies generally and specifically each and every allegation contained therein.

6. Answering paragraphs 9, 10, 11, and 12, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein.

7. Answering paragraphs 13 and 14, Defendant denies generally and specifically each and every allegation contained therein.

8. Answering paragraph 15, Defendant denies that it was acting with the implied or actual permission and consent of the Defendant City of San Jose. As to the remainder of the allegations therein, Defendant does not have sufficient information or belief to enable Defendant to answer such allegations, and on those grounds denies generally and specifically each and every allegation contained therein.

9. Answering paragraph 16, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraph, and on those grounds denies generally and specifically each and every allegation contained therein and denies liability.

10. Answering paragraph 17, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraph, and on those grounds denies generally and specifically each and every allegation contained therein.

11. Answering paragraphs 18 and 19, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those

grounds denies generally and specifically each and every allegation contained therein.

12. Answering paragraphs 20, 21, 22 and 23, Defendant denies that exposure to a TASER device caused decedent's injuries or death. As to the remainder of the allegations therein, Defendant does not have sufficient information or belief to enable Defendant to answer such allegations, and on those grounds denies generally and specifically each and every allegation contained therein.

13. Answering paragraph 24, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

14. Answering paragraphs 25, 26, 27, 28 and 29, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant denies generally and specifically each and every allegation contained therein.

15. Answering paragraph 30, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

16. Answering paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant denies generally and specifically each and every allegation contained therein.

17. Answering paragraph 47, which incorporates by reference the allegations

of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

18. Answering paragraphs 48, 49, 50, 51, 52, 53, 54, and 55, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant denies generally and specifically each and every allegation contained therein.

19. Answering paragraph 56, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

20. Answering paragraphs 57 and 58, Defendant denies generally and specifically each and every allegation contained therein.

21. Answering paragraph 59, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

22. Answering paragraph 60, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraph, and on those grounds denies generally and specifically each and every allegation contained therein.

23. Answering paragraph 61, Defendant denies generally and specifically each and every allegation contained therein.

24. Answering paragraph 62, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

25. Answering paragraphs 63, 64, 65, 66, and 67, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have

sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant denies generally and specifically each and every allegation contained therein.

26. Answering paragraph 68, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

27. Answering paragraphs 69, 70, 71, and 72, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant denies generally and specifically each and every allegation contained therein.

28. Answering paragraph 73, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

29. Answering paragraphs 74 and 75, Defendant denies generally and specifically each and every allegation contained therein.

30. Answering paragraph 76, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

31. Answering paragraphs 77, 78, 79, 80, 81, 82 and 83, Defendant denies that a TASER device caused decedent's death; as to the remainder of the allegations therein, no factual allegations are made as to this Defendant; therefore, Defendant does not have sufficient information or belief to enable Defendant to answer said paragraphs, and on those grounds denies generally and specifically each and every allegation contained therein. If the factual allegations are made so as to apply to Defendant, then Defendant

denies generally and specifically each and every allegation contained therein.

32. Answering paragraph 84, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

33. Answering paragraph 85, Defendant admits the allegations contained therein.

34. Answering paragraphs 86, 87, 88, 89, 90, 91 and 92, Defendant denies generally and specifically each and every allegation contained therein.

35. Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

36. Answering said Complaint on file herein, and the whole thereof, including each and every purported claim contained therein, this answering defendant denies that plaintiff sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agent, servant, or employee of this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

37. This answering defendant specifically denies that any negligence on its part contributed to or was a legal cause of any injuries sustained by plaintiff. But, in the event it is found that this answering defendant is negligent in any manner or to any degree, certain co-defendants may be negligent to a certain degree for the injuries or damages sustained by plaintiff, and there may be persons or parties not named to this action, including plaintiff, who likewise may have contributed in whole or in part to the injuries alleged to have been sustained by plaintiff; whereby, this answering defendant contends that in the event there is found to be fault on the part of this answering defendant, which in any manner or degree contributed to the injuries of the plaintiff, that a finding should be made apportioning and fixing the comparative fault of any of all parties or persons whether named to this action or otherwise.

### THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's Complaint fails to state facts sufficient to constitute any claim against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

39. The liability, if any, of this answering defendant is further limited by the provisions by Proposition No. 51, as set forth in the California Civil Code, Sections 1431 et seq. This answering defendant's liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to defendant's percentage of fault in accordance with Civil Code Section 1431.2(a).

### FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff has failed to mitigate the damages, if any, which were sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

41. To the extent that plaintiff suffered any detriment, such detriment was unavoidable. The damages sustained by plaintiff, if any, were the result of an unavoidable accident insofar as defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to plaintiff on the part of defendant.

### SEVENTH AFFIRMATIVE DEFENSE

42. Any damages suffered by plaintiff were not proximately or legally caused by, or resulting from, the conduct of this answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

43. At the time and place referred to in the Complaint, and before such event, plaintiff knew the risk involved in placing himself in the position which plaintiff then assumed such risk, including, but not limited to, the risk of suffering serious bodily

injury or death.

### NINTH AFFIRMATIVE DEFENSE

44. The injuries, losses, and/or damages complained of by plaintiff, resulted from a superseding, intervening act of another person(s), or event, whether named herein or not, which was the direct and proximate cause of any such damages, losses, and/or injuries, if any, complained of by plaintiff. This defendant had no control over the actions taken by law enforcement towards plaintiff, and any alleged injuries suffered by plaintiff arise directly out of independent conduct not controlled by this defendant, i.e., the conduct engaged in by plaintiff, and the actions taken by law enforcement. By reason of such intervening acts or events, this answering defendant's liability, if any, is limited or otherwise barred.

### TENTH AFFIRMATIVE DEFENSE

45. Recovery against defendant is barred to the extent anyone failed to use the allegedly defective product in its intended manner, or in a reasonable manner.

### ELEVENTH AFFIRMATIVE DEFENSE

46. The benefits of the challenged design of the products alleged in the Complaint outweigh any inherent risk of danger in said products.

### TWELFTH AFFIRMATIVE DEFENSE

47. This answering defendant did not have, at all times relevant to the Complaint, actual or constructive knowledge of the alleged danger, or risk inherent in the use of the products as alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

48. This answering defendant did not breach any express or implied warranties or make any negligent misrepresentations as alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

49. The products alleged in the Complaint were not defective in design, manufacture or distribution, and plaintiff's Complaint is therefore barred.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

50. Any warning or instructions given by this answering defendant was adequate to avoid injury to person(s) or property from any inherent dangers of the products alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

51. Any purported defect in the products alleged in the Complaint were caused by alteration, in and/or modification of the product after its purchase. If any individual suffered or sustained any loss, injury, or detriment, the same was directly and proximately caused and contributed to by the abuse, misuse, substantial change and/or alteration of the product manufactured by this answering defendant following its manufacture and/or sale, thereby barring or diminishing plaintiff's recovery herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52. Any purported defect in the products alleged in the Complaint resulted from misuse of the product by third parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53. Any purported defect in the products alleged in the Complaint was not the proximate nor legal cause of plaintiff's damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

54. This answering defendant did not make any warranty concerning the products as alleged in the Complaint, on which plaintiff reasonably relied.

### TWENTIETH AFFIRMATIVE DEFENSE

55. A warning by defendant could not have been effective in lessening plaintiff's 's risk of personal injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

56. The alleged injury did not result from a use of the product which was reasonably foreseeable by this answering defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

57. To the extent the product was being used in a reasonable manner

appropriate to the purpose for which it was intended, recovery against the defendant is barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

58. The product by which plaintiff alleges he was injured was designed in accordance with the existing state of the art. Misuse of the product if any, was without defendant's knowledge, approval, or consent and was contrary to the printed instructions that were delivered with the product. Any such use of the product was not reasonably foreseeable to defendant either at or before the time of the sale, or at any time before the time defendant received notice of the accident described in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

59. There was no defect in the product at the time that it left the possession of defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

60. Defendant expressly disclaimed any implied warranties by using language which in common understanding called attention to the exclusion of warranties and made plain that there was no implied warranty

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

61. Negligence on the part of plaintiff or others was a proximate cause of the plaintiff's injury.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

62. There was no obligation on defendant to warn in that the alleged dangerous propensity was obvious and or known at the time the product was being used.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

63. The alleged risk was neither known nor scientifically knowable at the time of the manufacture or distribution of the subject product.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

64. If plaintiff has a claim for negligence, such claim is barred or plaintiff's recovery should be diminished because the alleged damage was caused by the plaintiff,

or others' failure to exercise ordinary care on their own behalf for their own safety. That negligence caused the injury and damage, if any, that plaintiff sustained. Consequently, plaintiff's right to recover should be diminished by the plaintiff's and other's proportional share of fault.

### THIRTIETH AFFIRMATIVE DEFENSE

65.     If plaintiff has a claim for negligence, such claim is barred or recovery should be reduced because any injuries or damages were proximately caused by the negligence and other legal fault of persons or entities other than this answering defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

66.     The damages sustained, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than this answering defendant, and beyond defendant's supervision and control.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

67.     This answering defendant is not legally responsible for the acts and/or omissions of those defendants named as Does.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

68.     If plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of plaintiff, or others, thereby completely or partially barring plaintiff's recovery herein.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

69.     If any individual herein suffered or sustained any loss, injury, damage, or detriment as a result of exposure to any product constructed for or on behalf of this answering defendant, no liability should attach to this answering defendant in that the state of the engineering and/or construction knowledge, and/or the published literature and other materials reflected in such state of the engineering and/or construction

knowledge at all times pertinent hereto, were such that this answering defendant neither knew nor could have reasonably known that its product or work presented any foreseeable risk of harm to third persons in the normal expected use of said work, thereby barring or diminishing plaintiff' recovery herein.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

70. Any alleged injuries, to the extent they are found to be wholly or partially attributable to the product or products of defendant, which is expressly denied by the defendant, were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable by defendant, and which was not the result of any conduct or negligence on the part of defendant, nor the result of any defect in any product manufactured or distributed by defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

71. The contributory and/or comparative negligence of plaintiff was a proximate cause in bringing about injury. The plaintiff's recovery against defendant should be reduced in proportion to the amount of negligence attributable to the plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

72. This defendant did not engage in any conduct warranting the recovery of punitive damages by the Estate of the decedent; and the heirs of decedent are not legally entitled to recover punitive damages.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

73. The plaintiff's recovery is barred because any injury or damage suffered by plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

74. The plaintiffs' recovery is barred because TASER did not owe a duty to any plaintiff.

### FORTIETH AFFIRMATIVE DEFENSE

75. The use of Defendant's product, if any, was by sophisticated users to whom

Defendant was not required to provide warnings of the risks of injury as alleged in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

76.   Plaintiffs' claims against TASER are barred by the applicable statute of limitations.

### FORTY-SECOND AFFIRMATIVE DEFENSE

77.   Plaintiffs fail to state any claim against TASER.

### RESERVATION OF ADDITIONAL DEFENSES

78.   Defendant reserves the right to plead as additional affirmative defenses, and any other matters constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

WHEREFORE, Defendant TASER INTERNATIONAL, INC. prays that plaintiffs take nothing by this action and that Defendant TASER INTERNATIONAL, INC. be awarded costs and all other just relief.

Dated: September 3, 2008            MANNING & MARDER
                                    KASS, ELLROD, RAMIREZ LLP


                                    By:    /s/ Mildred K. O'Linn
                                           Mildred K. O'Linn
                                           Timothy J. Kral
                                    Attorneys for Defendant,
                                    TASER INTERNATIONAL, INC.

## DEMAND FOR JURY TRIAL

Defendant TASER INTERNATIONAL, INC. hereby demands trial of this matter by jury.

Dated: September 3, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP


By: ___/s/ Mildred K. O'Linn___
    Mildred K. O'Linn
    Timothy J. Kral
Attorneys for Defendant,
TASER INTERNATIONAL, INC.